*During the last vacation,* WILLIAM W. VAN NESS, *Esq. Coun-
sellor at Law, was appointed one of the Judges of this Court, in
the place of Mr.* Justice LIVINGSTON, *resigned ; and on the first
day of this term, he appeared and took his seat on the Bench.
Mr.* Justice TOMPKINS, *having been elected Governor of the State,
resigned his seat in this Court.*

---

Jackson, *ex dem.* Tibbits and others, *against* Wil-
liams.

THIS was an action of ejectment for land in *Pittstown,*
in the county of *Rensselaer.* The cause was tried at the
*May* Circuit, in 1806, before Mr. Chief Justice *Kent.*

The declaration contained three counts, on three de-
mises : 1st. By *George Tibbits:* 2d. By the sons of *Bar-
nardus Bradt,* and his daughter *Elizabeth,* and her hus-
band, *John L. Bradt :* 3d. By the heirs and legal repre-

The survey
and map of
Hosick pa-
tent, made by
John R.
Bleecker, in

May, 1754, and the location of lot No· 48, made on the partition of the said petent are
correct, and describe the true bounds thereof. A subsequent survey of lot 48, made
by the direction of the then owner, was not held conclusive against the subsequent
owner.

VOL. II.                              R r

sentatives of *Volkert P. Douw*, the heir of *Petrus*, who was the heir of *Janas Douw*.

At the trial, the following facts appeared. Letters patent issued in 1688, to four patentees for *Hosick patent.* Two of the patentees died before any partition was made. On the 18th of *October*, 1706, the two surviving patentees conveyed one undivided fourth part to *Johannes Van Vechten*, [*]as heir at law of *Gerrit Teunissee*, one of the deceased patentees, in fee. *Johannes Van Vechten*, on the 10th *June*, 1707, conveyed one moiety of his share to *Jonas Douw* in fee; and afterwards, on the 30th *October.* 1741, conveyed all his lands in *Hosick* to his three sons in-law, *Bradt*, *Breese* and *Van Beuren*, as joint-tenants in fee. *Breese* died between 1749 and 1754, and *Van Beuren* died previously, without partition, leaving *Barnardus Bradt*, their survivor. On the 27th *May*, 1754, a petition of the patent was made by *John R. Bleecker*, and his map, with a release of the proprietors indorsed, was produced on the trial. *Lot No.* 48, fell to the share of the representatives of *Gerret Teunissee*. *Barnardus Bradt* died in 1786, leaving the children who are lessors in the second count. The lessors in the third count are the legal representatives of *Jonas Douw*. The lessors in the second count, on the 13th of *January*, 1790, conveyed their right in lot No. 48, to the lessors named in the last demise. The lessors in the last count, in *July*, 1803 conveyed the premises in fee to *George Tibbits*.

[* 298]

The defendant showed a regular paper title to the lands in his possession, lying along the south line of the patent of *Hosick*, under *Shepherd's* and *Mersereau's* patent, dated 14th *August*, 1786, and that he had been in actual possession of the premises for more than ten years.

*John E. Van Alen*, a witness for the plaintiff, testified that he had surveyed the *west line of lot* 48, according to the map and field book of *Bleecker*, and had ascertained

the *south line* thereof, by beginning at a corner on *Hosick* river, shown him by *Hazel Shepherd*, and that *both his and Bleeker's lines* included the premises in lot No. 48.

On the part of the defendant, *Nehemiah King* testified, that giving lot 48 the length expressed on *Bleecker's map*, it included the premises; but that on surveying the south line of *Hosick* river, according to the *courses* given in *Bleecker's* map, and making the usual allowance for variation, the premises were not included in that patent. [*]*Hazel Shepherd* testified, that he made a survey of lot 48, in 1784, for *Volkert P. Douw*, who was then owner of it, *at the request of his tenant, John Rice, jun.*; that he made the survey without direction from *Douw*, and subdivided lot 48 into several small lots, and delivered a map of his survey and subdivision to *Douw*, who paid him for it; that he gave no explanation, either on his map, or to *Douw*, of the manner of his survey, and his mode of location; that according to his survey, the premises were not included in lot 48; that the lines of the lot, as laid down on *Bleecker's* map, comprehend about 25 acres in possession of the defendant, and *Van Alen's* includes a greater portion; that in 1789, he ran a *compromise line* between the patent of *Mersereau* and *Shepherd*, and the *lot east of* 48 in *Hosick* patent, but *Douw had nothing to do with this compromise line;* that when he surveyed in 1784 he had not seen *Bleecker's* map, nor did he know any thing of *Bleecker's* lines; and he has since been convinced that his survey was erroneous, and that it did not extend lot 48 as far south as it ought to be.

[* 299]

The defendant then produced a lease from *Douw* to *Asahel Starte*, dated 28th *January*, 1785, for lot No. 13, in the subdivision of lot 48, and which lot 13 was laid out on his map, as bounding on the line which he then ran for the south line of lot 48; in the lease, lot No. 13 is described *as being bounded by the south line of the original* of *No.* 48.

Jackson
v.
Williams.

*Israel Shepherd* testified, that about 16 years ago he heard *Douw*, and *Shepherd*, the patentee, converse about compromising a certain suit, then depending, in which they were interested; that *Douw* being asked about a line run by *Hazel Shepherd*, observed that he should *make no difficulty on the subject.* The witness did not hear the commencement of the conversation, nor any thing said about *Bleecker's* lines.

The jury found a verdict for the plaintiff, subject to the opinion of the court, on a case containing the above facts, with liberty for either party to turn the case into a special verdict.[*] The case was argued in *February* term by *Van Vechten*, for the plaintiff, and *Foot*, for the defendant. *Van Vechten* cited *Jackson and others* v. *Bradt*, 2 *Caines*, 169. and *Jackson* v. *Dennis*, 2 *Caines*, 177.

[* 300]

*Per Curiam.* The title of the lessors of the plaintiff was fully made out upon the trial. According to *Bleecker's* map and survey, which has heretofore received the sanction of this court, the premises in question are included within lot No. 48. The defence set up was, that the line to which the defendant claims had been established by *Volkert P. Douw*, the former proprietor of lot 48, and that the lessors of the plaintiff are now concluded by his acts from contesting that line. But the facts in the case are not sufficient to support that inference, or to prove that *Douw* had done any act, or given any assent which ought to have concluded him from asserting his right.*

Judgment for the plaintiff.

* In this, and in the cases which were argued at the last term, Mr. Justice Van Ness took no part in the judgments delivered by the court.